IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| S.M., on behalf of A.M., a minor,<br>*Plaintiff*,<br><br>v.<br><br>KESEAN ELLIS,<br>*Defendant*. | NO.<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

AND NOW, comes the Plaintiff, S.M., on behalf of A.M., a minor, by counsel, who files this Complaint against the Defendant, Kesean Ellis, and states as follows:

## NATURE OF THE ACTION

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes under 18 U.S.C. § 2251 and 18 U.S.C. § 2255.

1

2. Title 18 U.S.C. § 2255 allows a victim of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the court determines to be appropriate.

## PARTIES

3. The Plaintiff S.M. is the biological mother and natural guardian of A.M., the minor-victim (hereinafter "Minor Plaintiff"). Plaintiff S.M. currently lives in Baltimore, Maryland. Minor Plaintiff currently lives in Baltimore, Maryland.

4. Minor Plaintiff is a person sexually abused as a child and who is depicted in images of child pornography seized from Defendant's possession.

5. Defendant Kesean Ellis is an adult currently residing at 110 North Payson Street, Baltimore, Maryland 21223 and/or 2423 Callow Avenue, Baltimore, Maryland 21217.

6. Plaintiff is identified as "S.M." and Minor Plaintiff is identified as "A.M." as this case involves Minor Plaintiff's childhood sexual abuse,

and the Defendant is aware or will be made aware of the Plaintiff's and Minor Plaintiff's identities, and will suffer no prejudice by Plaintiff's and Minor Plaintiff's uses of pseudonyms.

## JURISDICTION AND VENUE

7. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), since the Plaintiff resides in this District and the events giving rise to the claims occurred in this District.

## FACTS

9. On or about November 9, 2022, the Defendant was charged criminally in the Circuit Court of Maryland, Baltimore City, in docket number 122313019 related to the sexual exploitation of the Minor Plaintiff.

10. In October 2023, the Defendant pled guilty to Child Porn: Film in Sex Act, in violation of Maryland state law felony Md. Criminal Law Code Ann. § 11-207 "Child Pornography," MD CJIS code No. 1-0299. *See* Circuit Court of Maryland case information, attached hereto as Exhibit "A."

11. Defendant was sentenced on the same date.

12. Minor Plaintiff was the victim underlying Defendant's crime to which he pled guilty and was sentenced.

13. Under Md. No. § 11-2017, a person may not:

(a) A person may not:

  (1) cause, induce, solicit, or knowingly allow a minor to engage as a subject in the production of obscene matter or a visual representation or performance that depicts a minor engaged as a subject in sadomasochistic abuse or sexual conduct;

  (2) photograph or film a minor engaging in an obscene act, sadomasochistic abuse, or sexual conduct;

  (3) use a computer to depict or describe a minor engaging in an obscene act, sadomasochistic abuse, or sexual conduct;

  (4) knowingly promote, advertise, solicit, distribute, or possess with the intent to distribute any matter, visual representation, or performance:

    (i) that depicts a minor engaged as a subject in sadomasochistic abuse or sexual conduct; or

    (ii) in a manner that reflects the belief, or that is intended to cause another to believe, that the matter, visual representation, or performance depicts a minor engaged as a subject of sadomasochistic abuse or sexual conduct; or

  (5) use a computer to knowingly compile, enter, transmit, make, print, publish, reproduce, cause, allow, buy, sell, receive, exchange, or disseminate any notice, statement, advertisement, or minor's name, telephone number, place of residence, physical characteristics, or other descriptive or identifying information for the purpose of engaging in, facilitating, encouraging, offering, or

soliciting unlawful sadomasochistic abuse or sexual conduct of or with a minor.

Md. Criminal Law Code Ann. § 11-207(a).

14. The offense as contained in Md. Criminal Law Code Ann. § 11-207 for child pornography is the state law equivalent of Federal crime 18 U.S.C. § 2252, "Certain activities relating to material constituting or containing child pornography."

15. Courts have held that "no criminal conviction is necessary to recover damages under [Masha's Law]… Rather, a plaintiff need only show, by a preponderance of the evidence, that a defendant committed one of the enumerated offenses." *See generally Doe v. Varsity Brands, LLC*, 2023 U.S. Dist. Lexis 134515, *53 (1:22-CV-02139, August 2, 2023).

16. Based on the Defendant's state law Child Pornography conviction of Md. Criminal Law Code Ann. § 11-207, the Plaintiff has shown by a preponderance of the evidence that the Defendant committed a predicate offense under 18 U.S.C. § 2255, known as "Masha's Law."

17. Given Defendant's guilty plea, he is automatically liable to Minor Plaintiff under 18 U.C.S. § 2255 for liquidated damages of $150,000.00.

## COUNT I

### Violation of 18 U.S.C. § 2255

18. The allegations throughout this Complaint are incorporated as it set forth fully herein at length.

19. Title 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of a predicate offense as listed in 18 U.S.C. § 2255 "Masha's Law" may recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

20. The Defendant pled guilty to the offense of Md. Criminal Law Code Ann. § 11-207, the state law equivalent to the predicate federal child pornography crime found under 18 U.S.C. § 2252.

21. The Minor Plaintiff is a victim of Defendant's violation of Child Pornography as enumerated in Masha's Law.

22. The United States Supreme Court in *Paroline v. United States*, 572 U.S. 464 (2014), *Osborne v. Ohio*, 49 U.S. 103 (1990), and *New York v. Ferber*, 458 U.S. 757 (1982), held that victims of child pornography crimes suffer *de facto* personal injury.

23. Minor Plaintiff is such a victim and therefore as a matter of law has suffered personal injury as a result of the Defendant's federal child pornography crime.

24. The Plaintiff elects liquidated damages in the amount of $150,000.00 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, pre-judgment and post-judgment interest, and such other relief as this Court deems appropriate.

25. The Plaintiff is not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff S.M., on behalf of A.M., a minor, requests judgment against the Defendant as follows:

- Liquidated damages in the amount of $150,000.00 pursuant to 18 U.S.C. § 2255(a);
- Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);
- Pre-judgment and post-judgment interest;

- Such other and further relief as this Court deems just and proper.

                                  Respectfully submitted,

                                  **ANDREOZZI + FOOTE**

Dated: January 5, 2024           */s/ Renee E. Franchi, Esq.*
                                              Renee E. Franchi, Esq.
                                              MD No. 2006090023
                                              4503 North Front Street
                                              Harrisburg, PA 17110
                                              Tel: (717) 525-9124
                                              Fax: (717) 525- 9143
                                              renee@vca.law
                                              *Attorneys for Plaintiff*